C. W. WIGGINS, Admr., and others v. SARAH M. McCORMAC
and others.

*Account and Settlement—Bill of Review—Fraud.*

A former proceeding for account and settlement between an adminis-
  trator and guardian, which was ended by a decree that the guardian
  had accounted and paid over in full, &c., cannot be reopened by the
  mere association of other persons as parties in a proceeding involving
  the same subject matter, upon an allegation that the guardian having
  made no annual returns ought to have been but was not charged with
  the full amount for which he was liable. This can only be done by an
  action in nature of a bill of review or to impeach the decree for fraud.
  The demurrer to the complaint in this case was properly sustained.
(*Davis* v. *Hall*, 4 Jones Eq., 403, cited and approved.)

SPECIAL PROCEEDING heard on appeal at the December
Special Term, 1880, of ROBESON Superior Court, before
*Avery, J.*

The plaintiff, C. W. Wiggins, administrator of Neil C. Mc-
Cormac, a lunatic, who died in 1874, and E. C. Wiggins, his

wife, one of the heirs at law of the intestate, bring their action against the defendant, Sarah M. McCormac, widow of the intestate and duly appointed his guardian upon the inquisition declaring the lunacy, and the other defendants, his other heirs at law, for an account and settlement of the trust estate in the guardian's hands. The complaint shows that a petition was filed on November 18th, 1874, in the probate court by the said administrator against the said guardian, alleging the death of the intestate on the 14th day of the same month, the issuing of the letters of administration to the plaintiff, the appointment of the defendant as guardian in 1857, her taking possession and control of the personal and real estate of the lunatic, the want of information as to her having returned annual accounts, and praying that process issue requiring her to appear and file her final administration account, and for further relief; that accordingly a summons issued of which she acknowledged service the same day and thereupon the following decree was rendered by the probate judge: This cause coming on to be heard on the petition and proofs, both parties being present, it appears to the satisfaction of the court that the defendant, who is the widow of the plaintiff's intestate used the estate entrusted to her hands with all the prudence and care, during her said guardianship, that the circumstances of the case admitted; and it further appearing that the said defendant has surrendered and delivered to the petitioner, C. W. Wiggins, administrator of her deceased husband's estate, the whole of the estate; It is therefore ordered, adjudged and decreed that the defendant has accounted and paid over in full to the said administrator in all respects in which she was liable by reason of her said guardianship; it is further adjudged that the petitioner pay the costs of his proceeding out of the funds of the estate whenever a sufficiency therefor shall come into his hands."

The plaintiffs further allege that the guardian under li-

cense sold a portion of the lunatic's land for $440, for which and rents of land and personal estate she has never accounted except for so much as is enumerated in an annexed schedule, and was delivered over in the suit aforesaid under the decree therein, and no account of her guardianship has heretofore been rendered ; that the administrator commenced a second action against the guardian for the recovery of the trust fund remaining in her hands, but the decree aforesaid being set up as a defence, he submitted to a nonsuit; that suit has been brought by the heirs aforesaid against him to charge him with the whole estate which he ought, as it is asserted by them, to have received from the guardian and failed to get in his former action.   To this complaint the defendants demur and specify as the grounds thereof :

1. The feme plaintiff is not a proper party.

2. The defendants, other than the guardian, are improperly joined with her in the action.

3. The former action and decree, described in the complaint and unimpeached for fraud, are a bar to the present action.

The demurrer was sustained by the court and judgment rendered accordingly, from which the plaintiffs appealed.

*Messrs. W. F. French* and *Walter Clark*, for plaintiffs.
*Messrs. Rowland & McLean*, for defendants.

SMITH, C. J.   We agree with His Honor in ruling that the former terminated action between the administrator and guardian, involving the same subject matter, is an insuperable barrier to the prosecution of this, and this consequence is not averted by the association of the other persons as co-plaintiffs and co-defendants.   Whatever can be recovered in this, could and ought to have been claimed and recovered in the other suit.   The matter has become *res adjudicata* and further controversy closed by the previous decree unless

opened by a proceeding in the nature of a bill of review or the decree is impeached for fraud in its rendition. The complaint assigns no intrinsic error in the decree, alleges no newly discovered evidence, charges no fraud, but seeks to have the matters before decided re-opened and another administration account taken solely on the ground that the guardian, having made no annual returns, ought to have been and was not charged with the full amount for which she was liable in her administration of the trust. This is the purpose and scope of the present action. If the proceeds of the sale of the land retain the qualities and properties incident to real estate and could not be recovered by the administrator (to which proposition we do not wish to be understood as giving assent) for which reason the heirs have joined, then it is plain the administrator, as such, is not responsible therefor in the action against himself. He is only accountable for what he ought to have recovered and lost by the want of proper diligence and care. This neglect may be imputed in the management of the former suit, but this does not entitle him to the aid of the court in reversing what was then adjudged and neutralizing the results. That the objection may be taken by demurrer, when the substantial facts are set out in the complaint, is expressly decided in *Davis* v. *Hall*, 4 Jones Eq., 403, from the opinion in which, as appropriate to the present case, we quote an extract: "This is not a bill of review ; not alleging any error of law or fact in the decree. Nor does the bill allege any fraud in obtaining the decree, nor otherwise impeach it, except in the single particular that the allegation in the former bill that the fund with which the slaves were purchased belonged entirely to Carter, and the consequence deduced therefrom that in the view of this court Carter was entitled to all the slaves. * * * * No reason indeed is given, why the question now made was not presented in the former suit, nor any allegation that it was not made and

proof taken on it. * * * Litigation would be interminable, if, after a decree founded on the allegations and proofs in that cause, the party could, upon an original bill, obtain a decree on the same matter in opposition to the first decree simply upon the ground that the titles of the parties were different from what they were before declared, at the same time not imputing any undue practices in obtaining the decree."

We therefore uphold the ruling of His Honor and sustain the demurrer. The action must be dismissed and it is so ordered.

No error.                                    Affirmed.